UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LLOYD E. BARNES, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1989 RLW |
| | ) |
| v. | ) |
| | ) |
| LYNN SIMMON, JAY E. AMAROSA, | ) |
| AND LIBERTY RESTAURANT GROUP, | ) |
| L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss (ECF No 20). On February 3, 2015, Defendants filed a Motion to Dismiss (ECF No. 20) and Memorandum in Support (ECF No. 21). On February 23, 2015, Plaintiff Lloyd E. Barnes ("Barnes") filed a Verified Motion to Allow Pro Se Plaintiff Lloyd Barnes Leave to Amend His Complaint, Motion in Opposition to Defendants' Motion to Dismiss, Affidavit in Support of Plaintiff's Motions, and Legal Argument ("Motion for Leave to Amend"; ECF No 23). The Court granted Barnes' Motion for Leave to Amend and ordered him to file an amended complaint by March 11, 2015. (ECF No. 24). After receiving nothing from Barnes, the Court entered a Memorandum and Order that required Barnes to file an amended complaint no later than April 8, 2015, or the Court would rule on Defendants' unopposed Motion to Dismiss. (ECF No. 25). To date, the Court still has not received an amended complaint from Barnes. Therefore, the Court rules on Defendants' unopposed Motion to Dismiss.

## BACKGROUND

Barnes alleges the following facts in his Verified Complaint (hereinafter, "Complaint" or "Compl."; ECF No. 1), which the Court assumes are true for purposes of the Motion to Dismiss.

Barnes is an African-American male, aged 70. (Compl., ¶7). In the evening on November 31, 2014, Lynn Simmons, manager of the Burger King at 5025 Delmar, St. Louis, Missouri, asked Barnes' acquaintance, Will, to leave the store. (Compl., ¶¶14-16). Barnes asked Simmons why he was making Will leave the store. (Compl., ¶17). In response, Simmons told Barnes that he had to leave also or he would call the St. Louis Metropolitan Police Department. (Compl., ¶18). Barnes left Burger King out of fear of the police. (Compl., ¶19). The police arrived as Barnes was leaving the parking lot, and Barnes continued home. (Compl., ¶¶20-21).

On December 1, 2014, Barnes filed a Complaint that alleges three counts: Count One under 42 U.S.C. §1985, Count Two under 42 U.S.C. §1986 for failure to prevent 42 U.S.C. §1985 violations, and Count Three under 42 U.S.C. §1988 for intentional infliction of emotional distress. Defendants move to dismiss all counts.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P.

12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

### DISCUSSION

**I.     Count One under 42 U.S.C. §1985(3)**

In Count I, Barnes alleges that Defendants conspired with the police to deprive him of his constitutional rights of equal protection and equal privileges and immunities under the law based upon his race. (Compl., ¶¶22-25). To recover for a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3), a plaintiff "must prove four elements: (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive [him] either directly or indirectly of [his] civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). "A claim under section 1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment." *Worthy v. Boyd*, No. 4:12CV353 CEJ, 2012 WL 1945971, at *3 (E.D. Mo. May 30, 2012) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). A "plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)(citing *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988)). A plaintiff "can

satisfy this burden by 'point[ing] to at least some facts which would suggest that [defendants] "reached an understanding" to violate [his] rights.'" *City of Omaha Employees Betterment Ass'n*, 883 F.2d at 652 (quoting *Nelson v. City of McGehee,* 876 F.2d 56, 59 (8th Cir. 1989) (quoting *Myers v. Morris,* 810 F.2d 1437, 1454 (8th Cir.1987)).

The Court holds that Barnes has failed to allege facts to support a claim under Section 1985(3). Barnes has not alleged any facts suggesting that a conspiracy existed between Defendants and police (or between Defendants themselves). Barnes only alleges that Simmons called the police and that the police responded to this telephone call. Barnes' Complaint is void of any allegations that the Defendants and the police had a prearranged agreement to violate Barnes' constitutional rights or that the police were in any way involved in Defendants' allegedly discriminatory acts. Thus, the Court finds that Barnes "has not alleged a meeting of the minds of any defendants to pursue a specific discriminatory or retaliatory end." *Rodgers v. Univ. of Missouri Bd. of Curators*, No. 4:13CV1769 JAR, 2014 WL 4843909, at *13 (E.D. Mo. Sept. 29, 2014). Therefore, the Court dismisses Count I for failure to state a claim.

## II. Count II under 42 U.S.C. §1986 for Failure to Prevent 42 U.S.C. §1985 Violations

"[Title] 42 U.S.C. § 1986, a companion statute to § 1985, allows an action against a party who knows that a § 1985 deprivation will occur, has the power to prevent it, and fails to do so." *Kaminsky v. Missouri,* No. 4:07–CV–1213, 2007 WL 2994299, at *6, (E.D. Mo. Oct. 11, 2007). "In order to state a claim for a § 1986 violation, Plaintiff must first state a claim for a § 1985 violation." *Id.* (citing *McIntosh v. Ark. Republican Party–Frank White Election Comm.*, 766 F.2d 337, 340 (8th Cir.1985)); *Barstad v. Murray Cnty.*, 420 F.3d 880, 887 (8th Cir. 2005)(a § 1986 claim must be predicated upon a valid § 1985 claim); *Jensen v. Henderson,* 315 F.3d 854, 863 (8th Cir.2002)(same). Because Barnes failed to allege a Section 1985 claim, his Section 1986

claim also fails as a matter of law and is dismissed. *See Rodgers*, 2014 WL 4843909, at *13; *Blumeyer v. Freese*, No. 4:13CV875 RWS, 2013 WL 3990800, at *2 (E.D. Mo. Aug. 2, 2013)("Because a § 1986 action is dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous.").

**III.     Count III under 42 U.S.C. §1988 for Intentional Infliction of Emotional Distress**

Title 42 U.S.C. § 1988 does not provide an independent cause of action, and no relief is available to plaintiffs under the statute. *Blumeyer*, 2013 WL 3990800, at *2. Therefore, the Court dismisses Barnes' Section 1988 claim for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No 20) is **GRANTED**. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 16th day of April, 2015.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**